**The CECO CORPORATION et al., Plaintiffs,**

**v.**

**PLAZA POINT, INC., et al., and Argonaut Insurance Company et al., Defendants-Respondents,**

**and**

**Premier Stove Company, Intervenor-Appellant.**

**No. KCD 29471.**

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Walter K. Disney, Kansas City, for intervenor-appellant.

F. Philip Kirwan, Kansas City (of counsel, Margolin & Kirwan, Kansas City, for respondent, Argonaut Ins. Co.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

This complex litigation arising from claims for payment and liens on a large apartment building has narrowed to a single claim by Premier Stove as a supplier of stoves for the project against defendant Argonaut as the bondsman on a payment bond.

The sole issue raised by appellant from an adverse judgment of the trial court is that the trial court erred as a matter of law in finding appellant's claim not covered by the payment bond.

For understanding of the issue posed, some extensive recitation of the facts is necessary. Plaza Point, Inc. is a Missouri corporation which was formed to build a high-rise apartment building in Kansas City. Mel Kleb was the sole owner of Plaza Point. On December 1, 1969, Plaza Point entered into a joint venture with J. R. Seal-Wells Construction Company to construct the building as an "FHA" project. The joint venture was called "Seal and Point." The apartments would be owned by Plaza Point, and all of the documents refer to Plaza Point as owner.

On June 10, 1970, Plaza Point as owner entered into a contract with Seal and Point as contractors to secure the construction of the apartment building. On the same day, Seal and Point executed a payment and a performance bond through Argonaut Insurance Company relating to this project. The payment bond refers to Seal and Point as the principal, Plaza Point as owner, and Argonaut as the surety.

The terms of the payment bond were that Argonaut would make payments to claimants under the bond if Seal and Point failed

to do so—provided certain conditions of the bond were met. To qualify as a claimant under the bond, one needed to have a "direct contract with the principal or with a subcontractor of the Principal for labor, material or both . . ."

The record indicates that as early as August of 1970, J. R. Seal-Wells was experiencing financial difficulties. In July of 1971, Plaza Point notified Argonaut of Seal-Wells' default and of their intention to complete the project alone. From the record, it is not entirely clear at what point between these two dates that Plaza Point totally took over the project. The record reveals no participation by J. R. Seal-Wells after August of 1970.

Plaza Point contracted with Premier Stove on April 9, 1971 for the purchase of 99 stoves to be used in the apartment building. All of appellant's contact in relation to this contract was through Plaza Point. The order for the stoves denominated Plaza Point as the buyer and required shipment and charges directed to Plaza Point. Appellant's subsequent lien statement and all correspondence relating to the stoves was with reference to Plaza Point. Appellant received a note dated April 27, 1972 for the purchase price from Plaza Point, Inc., which was guaranteed by Kleb. The liability of Plaza Point and Kleb is not here in issue; the trial court noted that such liability would be the subject of separate litigation.

■ It is well settled that the right of a supplier of materials or of labor to recover under a contractor's bond is one based on the contractual concept of a third-party beneficiary. Before a supplier is found to be a third-party beneficiary, it must be shown that the surety contract was entered into with the intention to benefit such third parties. An intention to benefit third parties is found by the courts to exist more frequently in payment bonds than in performance bonds. *Wilbur Waggoner Equipment Rental and Excavating Company, Inc. v. Bumiller*, 542 S.W.2d 32, 36 (Mo.App. 1976). Murray on Contracts, § 280 (1974); Restatement 2d, Contracts, § 133 Comment d (1973). (Tentative Drafts No. 1–7).

■ There are limits on the rights of the third-party beneficiary to recover on such a contract. One suing on a contract made for his benefit as a third-party beneficiary must accept the contract as it was made by the parties thereto. *Stephens v. Great Southern Savings and Loan Association*, 421 S.W.2d 332, 337 (Mo.App.1967). *Laclede Inv. Corp. v. Kaiser*, 541 S.W.2d 330, 338 (Mo.App.1976). A third-party beneficiary's rights on a surety contract are delineated by the specific terms contained in the contract, and his rights are no greater than those of the contracting party through whom he asserts the right or claim. *Stephens, supra.*

■ The payment bond in this case appears to exclude appellant from recovery by its terms. The payment bond specifies a fund for the "use and benefit of claimants as hereinafter defined" and then proceeds to define a claimant as "one having a direct contract with the *principal* or with a *subcontractor of the principal* for labor, material, or both . . ." Appellant entered into a direct contract with Plaza Point, Inc. who was designated as *owner*, and not as the *principal* on the payment bond. The payment bond labeled Seal and Point, the joint venture, as *principal*. There is no evidence that Plaza Point, Inc. was a subcontractor of the joint venture. All of the indicia of the arrangement between appellant and Plaza Point points to Plaza Point acting as *owner* and not as a part of the joint venture which was the principal on the bond. Appellant does not plead or prove that Plaza Point was acting as agent for the joint venture, nor is there any proof of such a relationship. Appellant does not plead or prove that Plaza Point was the surviving partner and so acting. No claim is made of an estoppel.

Appellant says the crux of the case is whether the notice by Argonaut to Plaza Point as owner terminating its bond can end Argonaut's liability. It may be conceded that it did not and still appellant obtains no relief. The bond did not cover appellant's claim by its terms, and appellant has

offered neither theory nor proof to bring the claim within the bond.

The judgment of the trial court is affirmed.

All concur.